IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:17-CR-3015 |
| vs. | TENTATIVE FINDINGS |
| ROBERT J. TJEPKEMA, | |
| Defendant. | |

The Court has received the presentence investigation report and addendum in this case. There are no motions for departure or variance. The defendant has objected (filing 35) to the presentence report.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

(b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c) impose upon the United States the burden of proof on all Guidelines enhancements;

(d) impose upon the defendant the burden of proof on all Guidelines mitigators;

(e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. There are no motions that require resolution at sentencing. The defendant has objected to the presentence report. Filing 35. Specifically, the defendant objects to the assessment of criminal history points for previous convictions from 2000 to 2004, based on the presentence report's finding that the instant offense began in 2010, rather than the date alleged in the indictment, 2015. The addendum to the presentence report notes that after the defendant was arrested, he admitted at a post-*Miranda* interview that he had been living in Nebraska since 2010 without registering as a sex offender.

As a general matter, it is the government's burden to show whatever facts are needed to justify the assessment of criminal history points. *See, United States v. Randall,* 472 F.3d 763, 766 (10th Cir. 2006); *United States v. DiPina,* 178 F.3d 68, 75 (1st Cir. 1999); *cf., United States v. Stapleton,* 316 F.3d 754, 756 (8th Cir. 2003); *United States v. Early,* 77 F.3d 242, 245 (8th Cir. 1996). But the Court notes that should the government present evidence at sentencing to substantiate the interview discussed in the presentence report, it will be up to the defendant to produce evidence or testimony casting doubt on the accuracy of that interview. *See United States v. Delgado-Hernandez,* 646 F.3d 562, 567 (8th Cir. 2011). Accordingly, the Court will resolve the defendant's objection on the evidence presented at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings

should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 8th day of August, 2017.

BY THE COURT:

_John M. Gerrard_
John M. Gerrard
United States District Judge